## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. 59 Maiden Lane, 42nd Floor New York, NY 10038, | : : : : : | NO. CIVIL ACTION |
| Plaintiff v. | : : : | |
| 101 WEST LEHIGH, LLC 101 W. Lehigh Avenue Philadelphia, PA 19133 | : : : : | |
| JUSTYN ENTERPRISES, INC. 101 W. Lehigh Avenue Philadelphia, PA 19133 | : : : : | |
| KWANG C. CHOI 30 Birchwood Place Marlton, New Jersey 08053 | : : : : | |
| TIMOTHY J. CHOI 30 Birchwood Place Marlton, New Jersey 08053, | : : : : | |
| Defendants | : : | |
| and | : : | |
| CORLISS JACKSON, individually and As Administratrix of the ESTATE OF RASHEEN NASEEB ROBINSON, DECEASED 3441 N. 18 Street Philadelphia, PA 19140, | : : : : : : : | |
| Nominal Defendant. | : : | |

---

## COMPLAINT

Plaintiff, Associated Industries Insurance Company, Inc., by and through its attorneys, Bodell Bove LLC, brings this Complaint against Defendants, 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang C. Choi, and Timothy J. Choi, and in support thereof states as follows:

## THE PARTIES

1. Plaintiff, Associated Industries Insurance Company, Inc. ("AIIC"), is a Florida corporation engaged in the insurance business with its principal place of business located at 59 Maiden Lane, 42nd Floor, New York, New York 10038 and is, thus, a citizen of Florida and New York. AIIC is authorized to transact business and has transacted business in the Commonwealth of Pennsylvania.

2. Upon information and belief, Defendant, 101 West Lehigh, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 101 W. Lehigh Avenue, Philadelphia, Pennsylvania 19133 and is, thus, a citizen of Pennsylvania.

3. Upon information and belief, Defendant, Justyn Enterprises, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 101 W. Lehigh Avenue, Philadelphia, Pennsylvania 19133 and is, thus, a citizen of Pennsylvania.

4. Upon information and belief, Defendant, Kwang C. Choi is an adult citizen of the State of New Jersey residing at 30 Birchwood Place, Marlton, New Jersey 08053.

5. Upon information and belief, Defendant, Timothy J. Choi is an adult citizen of the State of New Jersey residing at 30 Birchwood Place, Marlton, New Jersey 08053.

6. At all times referenced herein, 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timoth Choi acted by and through their respective duly authorized officers,

directors, employees, and agents.

7. Upon information and belief, Nominal Defendant, Corlis Jackson is an adult citizen of the Commonwealth of Pennsylvania residing at 3441 N. 18th Street, Philadelphia, Pennsylvania 19140. Jackson is included in this action as a potentially interested party and no claims are being advanced against her or the Estate.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Jurisdiction and venue are proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because, *inter alia*, the Defendant business entities are organized under the laws of the Commonwealth of Pennsylvania, maintaining their principal place of business in this District; the AIIC insurance policy at issue was issued to the Defendant business entities in this District; the underlying shooting that gives rise to this coverage action allegedly occurred at the Defendant business entities' address in this District; and the underlying litigation at issue is pending in the Philadelphia County, Pennsylvania, Court of Common Pleas, within this judicial district.

## FACTS

**A.     The Associated Industries Insurance Policy**

10. AIIC issued a Commercial Lines insurance policy, No. AES1211258-01, effective June 18, 2021 to June 18, 2022, to 101 West Lehigh LLC and Justyn Enterprises Inc. as the first Named Insureds (the "AIIC Policy"). A true copy of the AIIC Policy is attached hereto at **Exhibit A**.

11. Defendants, Kwang Choi and Timothy Choi allege that they are stockholders of Defendant Justyn Enterprises, Inc. and are, thus, insureds under the AIIC Policy.

12. The AIIC Policy's "Who Is An Insured" Section provides, in pertinent part, as follows:

> **SECTION II – WHO IS AN INSURED**
>
> 1. If you are designated in the Declarations as:
>    …
>    d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

AIIC Policy, Commercial General Liability Coverage Form, Section II – Who Is An Insured, ¶ 1.d.

13. The terms "you" and "your" in the AIIC Policy refer to "the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy." *Id*. at Commercial General Liability Coverage Form, Introductory paragraph. As noted above, the Named Insureds listed in the AIIC Policy Declarations are 101 West Lehigh LLC and Justyn Enterprises Inc.

14. The AIIC Policy includes a Commercial General Liability Coverage Part which provides, *inter alia*, that "[w]e will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *See* AIIC Policy, Commercial General Liability Coverage Form (CG0001 (12/07)), Section I – Coverages, paragraph 1. Insuring Agreement, subparagraph a.

15. The Insuring Agreement in the Commercial General Liability Coverage Part expressly provides that "[h]owever, we will have no duty to defend the insured against any 'suit'

seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." *Id*. *See also* AIIC Policy, Standard Additional Exclusions (NX GL 167 (09/18)) at ¶ 3 ("Where there is no coverage under this policy, there is no duty to defend.").

    16.    The Commercial General Liability Coverage Part of the AIIC Policy is subject to an Exclusion – Firearms endorsement (NX GL 072 (08/18)) modifying the Commercial General Liability Coverage Part of the AIIC Policy, which provides as follows:

> Notwithstanding any other provision of this policy, this insurance does not apply to:
>
> **Firearms**
>
> Any claim or "suit" for "bodily injury," "property damage," "personal and advertising injury" or medical payments arising, in whole or in part, from the use of firearms.
>
> We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.

AIIC Policy, Exclusion – Firearms endorsement.

    17.    The AIIC Policy includes an Exclusion – Assault And Battery endorsement (NX GL 045 (08/18)) modifying the Commercial General Liability Coverage Part of the AIIC Policy, which provides as follows:

> Notwithstanding any other provision of this policy, this insurance does not apply to:
>
> **Assault and Battery**
>
> Any claim or "suit" for "bodily injury," "property damage," or "personal and advertising injury" arising out of, in whole or in part, any assault, battery, fight, altercation, misconduct or similar incident or act of violence, whether caused by or at the instigation of, or at the direction of the insured, his/her employees, customers, patrons, guests or any cause whatsoever, including, but not limited to claims of negligent or improper hiring practices, negligent, improper or non-existent supervision of employees, patrons, or guests and negligence in failing to protect customers, patrons or guests. As used above, "assault" and "battery" include sexual assault and/or sexual battery.
>
> We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.

AIIC Policy, Exclusion – Assault And Battery endorsement.

18. The AIIC Policy includes an express exclusion for expected or intended injury which provides as follows:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> **a. Expected Or Intended Injury**
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

AIIC Policy, Commercial General Liability Coverage Form, Section I – Coverages, Coverage A Bodily Injury And Property Damage Liability, ¶2. Exclusions, subparagraph a.

19. The AIIC Policy includes an Exclusion – Punitive Damages endorsement (NX GL 021 (08/09)) modifying the Commercial General Liability Coverage Part of the AIIC Policy, which provides as follows:

> This insurance does not apply to:
>
> **Punitive Damages**
>
> Any claim of or indemnification for punitive or exemplary damages. If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

AIIC Policy, Exclusion – Punitive Damages endorsement

20. The AIIC Policy includes a Pennsylvania Changes – Defense Costs endorsement (IL 01 20 (10/13) modifying the Commercial General Liability Coverage Part of the AIIC Policy, which provides, in pertinent part, as follows:

> A. The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend under:
>
> 1. Section **I** of the Commercial General Liability, Commercial Liability Umbrella, Electronic Data Liability, Employment-related Practices Liability, Farm, Liquor Liability, Medical Professional Liability, Owners

> > And Contractors Protective Liability, Pollution Liability, Product Withdrawal, Products/Completed Operations Liability, Railroad Protective Liability and Underground Storage Tank Coverage Parts, Auto Dealers Coverage Form and the Farm Umbrella Liability Policy;
> 
> > …
> > Paragraph **B.** also applies to any other provision in the policy that sets forth a duty to defend.
>
> B. If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred. The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

AIIC Policy, Pennsylvania Changes – Defense Costs endorsement.

21. AIIC is providing a defense to its purported insureds, 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timothy Choi, in the underlying action described below, under a full reservation of rights. A copy of AIIC's reservation of rights letters, dated August 1, 2023 and August 21, 2023, respectively, is attached hereto at **Exhibits B and C**.

22. The reservation of rights letters notified AIIC's purported insureds, *inter alia,* that AIIC expressly reserves its right under the AIIC Policy's Pennsylvania Changes – Defense Costs endorsement to seek reimbursement of defense costs incurred in the event it is determined that the claims in the underlying action are not covered under the AIIC Policy. *Id.*

**B.** **The Underlying Shooting Incident**

23. This declaratory judgment insurance coverage action arises from an underlying action regarding a fatal shooting incident at defendants' gas station and convenience store located at 101 W. Lehigh Avenue, Philadelphia, Pennsylvania.

24. The underlying action commenced on November 10, 2022. A Complaint was filed on June 12, 2023, captioned *Corliss Jackson, individually and as Administratrix of the*

*Estate of Rasheen Naseeb Robinson, Deceased; 101 W. Lehigh LLC; Justyn Enterprises, Inc.; Liberty Gas Choi Enterprises, LLC; Liberty Petroleum, LLC; Kwang C. Choi; Timothy J. Choi; John Doe(s) Corporation(s); John Doe(s) Security Guards, and/or John Doe(s) Owners, and/or John Doe(s) Franchisors, and/or John Doe(s) Franchisees, and/or John Doe(s) Managers, and John Doe(s) Employees*, Philadelphia County, Pennsylvania, Court of Common Pleas, No. 221101180 (the "Jackson Action").[1] A true copy of the Complaint filed in the Jackson Action is attached hereto at **Exhibit D** (hereinafter the "Jackson Complaint").

25. Plaintiff alleges in the Jackson Action that "Plaintiffs' Decedent, Rasheen Naseeb Robinson ("Plaintiffs' Decedent"), died at twenty-two years old when he was shot to death on or about March 22, 2022, as the foreseeable and preventable result of the negligent conduct of the Defendants and their employees and agents." Jackson Complaint at ¶ 2.

26. Plaintiff alleges that on the date at issue the Philadelphia Police from the Narcotics Division were in the vicinity of defendants' gas station and convenience store when they heard multiple gunshots. "Philadelphia Police responded to 101 W. LeHigh Avenue, Philadelphia, Pennsylvania and found Plaintiffs' Decedent to have been shot multiple times." *Id*. at ¶¶ 11, 15-16. Plaintiff alleges that Plaintiffs' Decedent died from his gunshot wounds. *Id*. at ¶¶ 18-20.

27. Plaintiff alleges, without differentiation, that all defendants "had actual or constructive knowledge of a history of criminal activity on, in and around the area surrounding the subject Liberty property and knew or should have known that there was a propensity for criminal conduct by third persons…." *Id*. at ¶ 14. *See also id*. at ¶¶ 21, 46 (defendants "failed to prevent Plaintiffs' Decedent from being attacked by the dangerous individual at the subject

---

[1] Defendants Liberty Gas Choi Enterprises, LLC and Liberty Petroleum, LLC are not insureds under the AIIC Policy.

Liberty [property]…."); ¶¶ 32, 43 (defendants "negligently, knowingly, unlawfully, carelessly, and recklessly permitted the attacker to shoot Plaintiff's Decedent on or about the subject Liberty's premises."); ¶¶ 33, 44 ("…the attacker, who was at all material times on the Defendants' premises, engaged in a confrontation with Plaintiff's Decedent before shooting him….").

28. Plaintiff demands, *inter alia*, punitive damages from each defendant. *Id.*, ad damnum clauses in Counts I through V.

## CASE & CONTROVERSY

29. AIIC believes and therefore avers that the Jackson Action claims damages from 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timoth Choi in excess of Seventy-Five Thousand Dollars ($75,000.00).

30. 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timoth Choi have made a claim for coverage under the AIIC Policy with respect to the Jackson Action.

31. For these reasons, AIIC believes and therefore avers that a *bona fide* case and controversy exists as between AIIC and 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timoth Choi respecting any claimed insuring obligations under the AIIC Policy referenced herein, which is ripe for disposition.

## COUNT I
**(Declaratory Relief Under the AIIC Policy)**

**NO DUTY TO DEFEND OR INDEMNIFY UNDER THE AIIC POLICY**

32. Plaintiff, AIIC, incorporates by reference each of the foregoing allegations as if the same were set forth herein at length.

33. The claims against 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timoth Choi in the Jackson Action arise exclusively out of an assault, battery, and fatal

shooting of Plaintiffs' Decedent, Rasheen Naseeb Robinson.

34. AIIC is under no obligation to defend or indemnify 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timoth Choi with respect to the Jackson Action pursuant to prevailing law and the express terms, conditions, and exclusions of the AIIC Policy.

35. More specifically, but without limitation, AIIC has no duty to defend or indemnify 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timoth Choi in the Jackson action because:

(a) Coverage under the AIIC Policy is barred by application of Firearms exclusion in the AIIC Policy which bars coverage for "[a]ny claim or 'suit' for 'bodily injury', 'property damage', 'personal and advertising injury'" or medical payments arising, in whole or in part, from the use of firearms." This exclusion expressly states that "[w]e shall have no obligation to defend you, or any other insured, for any such loss, claim or suit";

(b) Coverage under the AIIC Policy is barred by application of the Assault and Battery exclusion in the AIIC Policy which bars coverage for "[a]ny claim or 'suit' for 'bodily injury,' 'property damage,' or 'personal and advertising injury' arising out of, in whole or in part, any assault, battery, fight, altercation, misconduct or similar incident or act of violence, whether caused by or at the instigation of, or at the direction of the insured, his/her employees, customers, patrons, guests or any cause whatsoever, including, but not limited to claims of negligent or improper hiring practices, negligent, improper or non-existent supervision of employees, patrons, or guests and negligence in failing to protect customers, patrons or guests. As used above, 'assault' and 'battery' include sexual assault and/or sexual battery." This exclusion expressly states that "[w]e shall have no obligation to defend you, or any other insured, for any such loss, claim or suit";

(c) The claims asserted against 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timoth Choi in the Jackson action do not implicate a triggering "occurrence" as defined under the AIIC Policy, as a matter of prevailing law;

(d) Coverage is barred under the AIIC Policy to the extent that any insured expected or intended any injury or damage at issue in the Jackson Action;

(e) Coverage is barred or limited under the AIIC Policy by application of the Punitive Damages Exclusion in the AIIC Policy which precludes "any obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages";

(f) Coverage under the AIIC Policy is otherwise barred or limited by application of the various conditions precedent to and limitations on coverage under the AIIC Policy, as more fully described in the AIIC Policy;

(g) Coverage under the AIIC Policy is barred to the extent 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and/or Timoth Choi have failed to perform all obligations required of them under the AIIC Policy;

(h) There is no coverage under the AIIC Policy to the extent any person or entity does not qualify as an insured under the AIIC Policy; and

(i) There is no coverage under the AIIC Policy to the extent 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and/or Timoth Choi's acts or omissions which give rise to the Jackson Action were in violation of law or public policy.

36. On information and belief, 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timoth Choi dispute the various insurance contract provisions and defenses to coverage set forth in the preceding paragraphs.

37. AIIC is entitled to a declaration, pursuant to 28 U.S.C. §2201, that it has no duty to defend or indemnify 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timoth Choi under the AIIC Policy with regard to the Jackson Action.

38. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

**WHEREFORE**, Associated Industries Insurance Company, Inc. respectfully requests that this Honorable Court enter an Order:

(1) Declaring that Associated Industries Insurance Company, Inc. has no duty to defend or indemnify 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timothy Choi in the civil action captioned *Corliss Jackson, individually and as Administratrix of the Estate of Rasheen Naseeb Robinson, Deceased; 101 W. Lehigh LLC; Justyn Enterprises, Inc.; Liberty Gas Choi Enterprises, LLC; Liberty Petroleum, LLC; Kwang C. Choi; Timothy J. Choi; John Doe(s) Corporation(s);*

*John Doe(s) Security Guards, and/or John Doe(s) Owners, and/or John Doe(s) Franchisors, and/or John Doe(s) Franchisees, and/or John Doe(s) Managers, and John Doe(s) Employees*, Philadelphia County, Pennsylvania, Court of Common Pleas, No. 221101180; and

(2) A Judgment and/or Order for such other relief consistent with the claims and causes asserted in this Complaint.

## COUNT II
### (Recovery Of Defense Costs)

39. Plaintiff, AIIC, incorporates by reference each of the foregoing allegations as if the same were set forth herein at length.

40. AIIC is under no obligation to defend or indemnify 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timoth Choi with respect to the Jackson Action pursuant to prevailing law and the express terms, conditions, and exclusions of the AIIC Policy.

41. The AIIC Policy expressly allows for the recovery of defense costs it has advanced on behalf of 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timoth Choi in the Jackson Action. *See* the AIIC Policy, Pennsylvania Changes – Defense Costs endorsement.

42. All conditions precedent to AIIC's right to recover the defense costs it has advanced on behalf of 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timoth Choi in the Jackson Action have been satisfied or otherwise waived by defendants.

**WHEREFORE**, Associated Industries Insurance Company, Inc. respectfully requests that this Honorable Court enter an Order:

(a) Judgment in the amount of defense costs and expenses advanced by AIIC on behalf of 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timothy Choi

in the civil action captioned *Corliss Jackson, individually and as Administratrix of the Estate of Rasheen Naseeb Robinson, Deceased; 101 W. Lehigh LLC; Justyn Enterprises, Inc.; Liberty Gas Choi Enterprises, LLC; Liberty Petroleum, LLC; Kwang C. Choi; Timothy J. Choi; John Doe(s) Corporation(s); John Doe(s) Security Guards, and/or John Doe(s) Owners, and/or John Doe(s) Franchisors, and/or John Doe(s) Franchisees, and/or John Doe(s) Managers, and John Doe(s) Employees*, Philadelphia County, Pennsylvania, Court of Common Pleas, No. 221101180, plus interest on those sums; and

(b) A Judgment and/or Order for such other relief consistent with the claims and causes asserted in this Complaint.

**BODELL BOVE, LLC**

s/ Rex F. Brien

MARC J. SYKEN, ESQUIRE
(PA ID No. 62533)
REX F. BRIEN, ESQUIRE
(PA ID No. 40884)
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Tel: (215) 864-6600
Fax: (215) 864-6610
msyken@bodellbove.com
rbrien@bodellbove.com
*Attorney(s) for Plaintiff, Associated Industries Insurance Company, Inc.*

Date: September 26, 2023