IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASSOCIATED INDUSTRIES** | : | |
| **INSURANCE COMPANY, INC.,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **101 WEST LEHIGH, LLC,** | : | |
| **JUSTYN ENTERPRISES, INC.,** | : | |
| **KWANG C. CHOI,** | : | |
| **TIMOTHY J. CHOI** | : | |
| and | : | |
| **CORLISS JACKSON, individually and as** | : | |
| **Administratix of the ESTATE OF RASHEEN** | : | |
| **NASEEB ROBINSON, DECEASED,** | : | |
| | : | |
| *Defendants*. | : | NO. 23-cv-03736 |

## MEMORANDUM

**KENNEY, J.**                                                                      October 31, 2023

Associated Industries Insurance Company, Inc. ("AIIC") brings this action seeking a declaratory judgment. Presently before this Court is Necessary Party/Defendant Corliss Jackson's ("Jackson") Motion to Dismiss (ECF No. 6), to which Plaintiff filed a Response in Opposition (ECF No. 7). For the reasons set forth below, Defendant's Motion (ECF No. 6) will be denied. An appropriate Order will follow.

I.   BACKGROUND AND PROCEDURAL HISTORY

AIIC issued a Commercial Lines insurance policy which names Defendants 101 West Lehigh, LLC ("101 West Lehigh") and Justyn Enterprises, Inc. ("Justyn Enterprises") as the first

1

Named Insureds. Defendants Kwang Choi and Timothy Choi allege they are stockholders of Justyn Enterprises, and are therefore, also insureds under the policy.

AIIC is seeking declaratory judgment regarding coverage of the underlying incident where Rasheen Naseeb Robinson ("Robinson") was shot and killed at a gas station owned by Defendants 101 West Lehigh and Justyn Enterprises. A suit was filed in the Philadelphia Court of Common Pleas to determine liability for the death of Robinson. In this case, plaintiff alleges that Robinson's death was the result of defendants' negligence.

AIIC is now asserting that it is under no obligation to defend or indemnify Defendants 101 West Lehigh, Justyn Enterprises, Kwang Choi, or Timothy Choi based on the insurance policy.[1] ECF No. 1 ¶ 34. AIIC also asks for recovery of defense costs that it has advanced on behalf of 101 West Lehigh, Justyn Enterprises, Kwang Choi, and Timothy Choi in the state negligence action. *Id.* ¶ 41.

On September 27, 2023, Necessary Party/Defendant Jackson filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and the doctrine of abstention. ECF No. 6 at 1. Jackson argues pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, the court has limited, discretionary authority related to issues of insurance coverage where there are pending proceedings in state court and federal interests are not implicated in the case, and

---

[1] First, AIIC asserts that the policy excludes coverage for injury that arises from the use of firearms. ECF No. 1 ¶ 35(a). Second, AIIC asserts that there is also an assault and battery exclusion under the policy that also bars coverage for the underlying incident. *Id.* ¶ 35(b). Third, AIIC asserts that the claims asserted against their insured do not implicate a triggering occurrence as defined under the policy. *Id.* ¶ 35(c). Fourth, AIIC asserts that coverage is barred to the extent that the insured expected or intended any injury or damage at issue in the underlying incident. *Id.* ¶ 35(d). Fifth, AIIC asserts that coverage is barred or limited under the policy by application of the punitive damages exclusion. *Id.* ¶ 35(e). Sixth, AIIC asserts that coverage is otherwise limited or barred by application of various conditions precedent to and limitations on coverage under the policy. *Id.* ¶ 35(f). Seventh, AIIC asserts that 101 West Lehigh, Justyn Enterprises, Kwang Choi and/or Timothy Choi have failed to perform their obligations required under the policy. *Id.* ¶ 35(g). Eighth, AIIC asserts that there is no coverage to the extent that any person or entity does not qualify as an insured under the policy. *Id.* ¶ 35(h). Ninth, AIIC asserts that there is no coverage to the extent that 101 West Lehigh, Justyn Enterprises, Kwang Choi and/or Timothy Choi's acts or omissions which give rise to the underlying action are in violation of law or public policy. *Id.* ¶ 35(i)

therefore, the matter should be dismissed. ECF No. 6 at 3–4. On October 3, 2023, Plaintiff filed a Response in Opposition arguing that while federal jurisdiction over a declaratory judgment action is discretionary, here it is appropriate for the Court to exercise its jurisdiction. ECF No. 7 at 1.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of a complaint for lack of subject matter jurisdiction. Federal district courts have original, subject matter jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Declaratory Judgment Act, 28 U.S.C. § 2201 provides a remedy for controversies otherwise properly within the court's subject matter jurisdiction and is not an independent basis for federal jurisdiction. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1995)). The Declaratory Judgment Act provides that the Court "**may** declare the rights and other legal relations of any interested party seeking such declaration . . ." 18 U.S.C. § 2201(a) (emphasis added). Therefore, the Court has discretion in determining whether to exercise jurisdiction over a request for declaratory judgment, even where the court has subject matter jurisdiction. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

"The Third Circuit has articulated two paths forward to determine whether a district court may exercise its abstention authority." *Brian M. Stolar 1998 Fam. Trust v. Am. Gen. Life. Ins. Co.*, No. 23-cv-3613, 2023 WL 6121331, at *3 (D. N.J. Sept. 19, 2023). Where the claim is for declaratory and non-declaratory relief the court shall follow the "independent claim" test set forth in *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 228–30 (3d Cir. 2017), and where the claim is for only declaratory relief the court shall follow the analysis set forth in *Reifer v.*

*Westport Ins. Corp.*, 751 F.3d 129, 144 (3d Cir. 2014), and where there is a question of insurance coverage *State Auto Ins. Co. v. Summy,* 234 F.3d 131, 135 (3d Cir. 2000) provides additional guidance. *Brian M. Stolar 1998 Fam. Trust*, 2023 WL 6121331, at *3. Since this claim is only for declaratory relief, this Court follows the latter path.

### III. DISCUSSION

Here, subject matter jurisdiction is proper because there is complete diversity between parties and the amount in controversy requirement is met. There is no dispute that the parties are of diverse citizenship. The Plaintiff, AIIC, has its principal place of business in New York and is incorporated in Florida. ECF No. 9. Defendants 101 West Lehigh, LLC and Justyn Enterprises are incorporated and have their principal place of business in Pennsylvania. ECF No. 1 ¶¶ 2–3. Defendants Kwang Choi and Timothy Choi are citizens of New Jersey. *Id.* ¶¶ 4–7. Necessary Party/Defendant Jackson is a citizen of Pennsylvania. ECF No. 10.

There is similarly no dispute that the amount in controversy is met. Plaintiff avers that the state action claims damages in excess of the amount in controversy, $75,000. ECF No. 1 ¶ 29. "Although declaratory judgment actions do not directly involve the award of monetary damages, 'it is well established that the amount in controversy [in such actions] is measured by the value of the object of the litigation.'" *Auto-Owners Ins. Co.*, 835 F.3d at 397–98.

Here, Plaintiff is seeking declaratory relief regarding coverage under an insurance policy. *See* ECF No. 1. Therefore, the analysis set forth under *Reifer* and *Summy* are appropriate.

In determining if the court should dismiss an action for declaratory judgment, the court should first determine if there is a "parallel state proceeding." *Reifer*, 751 F.3d at 144. The existence of a parallel state proceeding is only one factor that the Court must consider, but it should be afforded "increased emphasis." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282

(3d Cir. 2017) (citing *Reifer*, 751 F.3d at 144–145) ("The existence of pending parallel state proceedings militates significantly in favor of declining jurisdiction, although it alone does not require doing so.").

After determining whether there is a parallel state proceeding, the Court should consider eight, non-exhaustive factors as set forth by the Third Circuit in *Reifer*:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

751 F.3d at 146. Where the issue involves insurance, *Summy* provides additional guidance. First, when applicable state law is "uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions," though *Summy* also states that district courts should consider declining jurisdiction where state law is "firmly established" or where federal interests are not implicated. 234 F.3d at 135–36. Next, courts should lean toward declining jurisdiction where "doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." *Id.* Last, courts should weigh a party's "vigorous objection" to the district court's assumption of jurisdiction. *Id.* However, the Third Circuit has cautioned that *Summy*'s guidance is not dispositive, noting that "*Summy*'s holding specifically turned on considerations relevant to the pending state court suit," and the Third Circuit "reject[ed] any reading of *Summy* that supports per se declining of jurisdiction in [insurance] case[s]." *Reifer*, 751 F.3d at 147.

## A. Parallel State Proceeding

The Third Circuit has declined to take a broad approach as to what constitutes a parallel proceeding – "the mere potential or possibility that two proceedings will resolve related claims between the same parties is not sufficient to make those proceedings parallel; rather, there must be a substantial similarity in the issues and parties between contemporaneously pending proceedings."[2] *Kelly,* 868 F.3d at 283–84. In *Kelly*, the Third Circuit also decided that two proceedings were not parallel where the state action was focused on the issue of liability and the federal action was focused on the question of whether the insurance policy covers the potential liability, explaining that the "issue of coverage is not necessary to the resolution of the state action." *Id.* at 287.

Here, Necessary Party/Defendant Jackson filed suit in state court based on the underlying shooting incident. ECF No. 1, Exhibit D. The state action is focused on determining whether the Defendants' – 101 West Lehigh LLC, Justyn Enterprises, Kwang Choi, and Timothy Choi – negligence caused the death of Robinson. *See id.* Therefore, as in *Kelly*, the state action is focused on the issue of liability, and Plaintiffs have brought a federal action focused on the issue of insurance coverage – not liability. *See* 868 F.3d at 287. Therefore, while there is an on-going state proceeding regarding the underlying incident, it is not parallel.

## B. *Reifer* factors.

The absence of a parallel state proceeding favors this Court exercising jurisdiction. *Reifer*, 751 F.3d at 144. However, the Court must consider the factors set forth in *Reifer* to "ensur[e] [] that the lack of pending parallel state proceedings is [not] outweighed by opposing

---

[2] In *Kelly*, the Third Circuit adopts other circuits' definitions of "substantially similar" and defining it as when the parties involved are closely related and the resolution of an issue or claim in court will necessarily settle or dispose of the matter in the other. 868 F.3d at 284 n.12, 285.

factors." 751 F.3d at 145. Here, a majority of the *Reifer* factors support this Court exercising jurisdiction over the declaratory judgment issue.

### a. The likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy

This factor weighs in favor of this Court hearing the declaratory judgment issue. Here, a declaratory judgment by the Court would resolve the uncertainty which prompted the filing of the declaratory action – whether under AIIC's policy AIIC has a duty to defend or indemnify 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timothy Choi in the state negligence claim.

### b. The convenience of the parties

This factor weighs in favor of this Court hearing the declaratory judgment issue. In *Kelly* the Third Circuit reasoned that the parties would not be inconvenienced where the District Court sits in the same city as the court in which the state suit is filed. 868 F.3d at 288. Here, the parties are not inconvenienced because the District Court and state court sit in the same city, Philadelphia. Moreover, neither party has stated that that appearing before this Court would be an inconvenience.

### c. The public interest in settlement of the uncertainty of obligation

This factor similarly weighs in favor of this Court hearing the declaratory judgment issue. District courts are "well-equipped to address" "the usual interest in the fair adjudication of legal disputes." *Id.* at 288. Federal courts have addressed and enforced exclusions for firearms and assault and battery in insurance policies similar to the policy at issue here. *See, e.g.*, *Great Lakes Ins. SE v. Smithwick*, No. 18-4797, 2019 WL 4886534 (E.D. Pa. 2019); *Markel Int'l Ins. Co. v. 2421 Salam Inc.*, No. 08-1052; 08-2484, 2009 WL 1220557 (E.D. Pa. Mar. 31, 2009).

The factors set forth in *Summy* may be considered as a part of the third *Reifer* factor. *See Dianoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 207 (3d Cir. 2021). In *Summy*, the Third Circuit set forth that "where the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions." 234 F.3d at 135. *Summy* also states that situations where "state law is firmly established" support federal courts similarly allowing the issue to be resolved by the state court. *Id.* at 136.

Here, Jackson argues that a state court can better address the dispute here which pertains to insurance coverage that implicates Pennsylvania state law and does not involve a question of federal law. ECF No. 6 ¶¶ 6–9. Jackson also argues that Pennsylvania has a greater interest, and allowing Pennsylvania to decide this issue would "promot[e] comity, discourag[e] forum shopping, conserv[e] scarce judicial resources, and respect[] the state court's interest in enforcing its own state laws." *Id.* ¶ 10.

However, Jackson does *not* argue that this is a novel question of state law or that the principles of insurance law interpretation are unsettled. *See Kelly*, 868 F.3d at 288 n.13 ("The parties do not contend that there is an unsettled question of state law or important policy issue implicated by the coverage claims here. Absent this, there is little reason for a federal court to be reluctant about deciding this case."). In *Dianoia's Eatery, LLC*, the Third Circuit dismissed this same argument. 10 F.4th at 207–11. The court explained that "[i]t is of no significance to this case that insurance coverage is a creation of state law, with policy language and premium rates being approved by state's insurance regulator." *Id.* at 210 (internal citations and quotation marks omitted). "'An insurance policy is a contract' interpreted by courts, and sister-state courts and federal courts are equally capable of applying state contract law." *Id.* at 208*; see also Reifer*, 751 F.3d at 149.

### d. The availability and relative convenience of other remedies

The fourth factor also weighs in favor of the Court hearing the declaratory judgment issue. Neither party suggests that other remedies exist, let alone that other remedies would be more convenient. Moreover, this Court is able to effectively grant relief.

### e. A general policy of restraint when the same issues are pending in a state court

This factor does not apply. As previously discussed, the *same* issues are not pending in state court. In *Kelly*, the Third Circuit found it notable that the insurer was not a party to the state court action, explaining that the dispute as to insurance coverage could not be resolved without the insurer. *Kelly*, 868 F.3d at 289; *see also Dianoia's Eatery, LLC*, 10 F.4th at 206 ("This factor only applies where "the 'same issues' are pending in state court between the same parties, not when the 'same issues' are merely the same legal questions pending in any state proceeding.") Therefore, this factor is neutral.

### f. Avoidance of duplicative litigation

The sixth factor also weighs slightly in favor of the Court hearing the declaratory judgment issue. As established, the issues in the two proceedings are distinct, therefore there is no concern over duplicative litigation. *Kelly*, 868 F.3d at 289. Moreover, it can be argued that settling the dispute as to insurance coverage in the Court may avoid future duplicative litigation. *Id.*

### g. Prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata

This factor does not apply. There is no suggestion that declaratory judgment is being used "as a method of procedural fencing" or as part of a "race for res judicata."

### h. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

This factor shall be considered when dealing in the insurance context, as we are here. Here, this factor is neutral. This factor accounts for the inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion. *Reifer,* 751 F.3d at 146. Here, while the state action is not a parallel state action, the present case and the state action rely on the same underlying incident and facts, which may give rise to a conflict of interest. *Westfield Ins. Co. v. Arnold*, No. 1:23-cv-00784, 2023 WL 4977765, at *5 (M.D. Pa. Aug. 3, 2023) (citing *Terra Nova Ins. Co. v. 900 Bar Inc.*, 887 F.2d 1213, 1225 (3d Cir. 1989) ("[c]ommentators have noted the potential conflict of interest problem if 'the same factual question' lies at the heart of both an insurance coverage dispute and the underlying tort action")). Here, however, Plaintiff raises a distinct legal question that does not require this Court to render judgment on the underlying issue of negligence. *See Arnold*, 2023 WL 4977765, at *5. Additionally, other District Courts have found this factor neutral because declining to render a declaratory judgment would require the plaintiff to file the declaratory judgment action in state court – causing the "same moral hazard." *Id.* (citing *Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D 234, 240 (E.D. Pa. 2014)).

**CONCLUSION**

There is not a parallel state proceeding and a majority of the *Reifer* factors weigh in favor of this Court deciding on the declaratory action. Therefore, the Court will exercise jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and will decide whether under AIIC's policy AIIC has a duty to defend or indemnify 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timothy Choi in the state negligence claim. Accordingly, Defendant's Motion (ECF No. 6) is denied. An appropriate Order follows.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**