**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ASSOCIATED INDUSTRIES** | : | |
| **INSURANCE COMPANY, INC.,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **101 WEST LEHIGH, LLC,** | : | |
| **JUSTYN ENTERPRISES, INC.,** | : | |
| **KWANG C. CHOI,** | : | |
| **TIMOTHY J. CHOI** | : | |
| **and** | : | |
| **CORLISS JACKSON, individually and as** | : | |
| **Administratix of the ESTATE OF RASHEEN** | : | |
| **NASEEB ROBINSON, DECEASED,** | : | |
| | : | |
| *Defendants.* | : | **NO. 23-cv-03736** |

<u>**MEMORANDUM**</u>

**KENNEY, J.**                                                                                   **APRIL 11, 2024**

This is a Declaratory Judgment action brought by Plaintiff Associated Industries Insurance Co. ("AIIC") against Defendants 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang C. Choi, and Timothy J. Choi ("Defendants"). AIIC seeks a declaratory judgment that it is not required to provide insurance coverage for Defendants for the underlying action, and further seeks reimbursement of defense costs already paid. Presently before the Court is AIIC's Motion for Judgment on the Pleadings. ECF No. 36. For the reasons stated below, AIIC's Motion is granted.

**I.        BACKGROUND AND PROCEDURAL HISTORY**

This case arises from tragic facts. In the underlying state court action, Nominal Defendant Corliss Jackson ("Jackson") alleges that Decedent Rasheen Naseeb Robinson ("Decedent") was shot multiple times and killed while at a gas station on 101 West Lehigh Avenue. ECF No. 1, Ex.

D ¶¶ 4, 15-16. Jackson further alleged that Defendants in the state court action negligently ignored criminal activity on their property, and failed to take any actions to prevent Decedent from being shot or render aid after he was shot. *Id.* ¶¶ 14-23. Jackson was appointed the Administratrix of Decedent's estate and filed the underlying state court action in the Philadelphia County Court of Common Pleas on June 12, 2023. ECF No. 1 ¶ 24.

After being sued in the state court action, Defendants in this case, 101 West Lehigh, LLC, Justyn Enterprises, Inc., Kwang Choi, and Timothy Choi, filed a claim for coverage with their insurer, Plaintiff AIIC *Id.* at ¶ 30. In response, AIIC filed the instant Declaratory Judgment action, seeking a declaratory judgment that it has no duty to defend or indemnify any Defendants under the policy, or reimburse defense costs already paid. ECF No. 36. Specifically, AIIC claims that coverage is barred under the Firearms Exclusion and the Assault and Battery Exclusion in the policy.

The Firearms Exclusion reads as follows:

> Notwithstanding any other provision of this policy, this insurance does not apply to: Firearms Any claim or "suit" for "bodily injury," "property damage," "personal and advertising injury" or medical payments arising, in whole or in part, from the use of firearms. We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit. AIIC Policy, Exclusion – Firearms endorsement.

ECF No. 1, Ex. A at 150. The Assault and Battery Exclusion reads as follows:

> Any claim or "suit" for "bodily injury," "property damage," or "personal and advertising injury" arising out of, in whole or in part, any assault, battery, fight, altercation, misconduct or similar incident or act of violence, whether caused by or at the instigation of, or at the direction of the insured, his/her employees, customers, patrons, guests or any cause whatsoever, including, but not limited to claims of negligent or improper hiring practices, negligent, improper or non-existent supervision of employees, patrons, or guests and negligence in failing to protect customers, patrons or guests. As used above, "assault" and "battery" include sexual

assault and/or sexual battery. We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.

*Id.* at 146.

## II.    STANDARD OF REVIEW

A motion for judgment on the pleadings is appropriate "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). "There is no material difference" between a motion for judgment on the pleadings and a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004). Under that standard, the Court "accept[s] as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them," and dismisses the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Haynes v. Metro. Life Ins. Co.*, 94 F. App'x 956, 958 (3d Cir. 2004) (internal citations omitted). On a motion for judgment on the pleadings, "a court must consider only those documents contained in the pleadings." *Main St. Am. Assurance Co. v. Connolly Contractors, Inc.*, 587 F. Supp. 3d 256, 266 (E.D. Pa. 2022) (citing *Moco Invs., Inc. v. United States*, 362 F. App'x 305, 307 n.4 (3d Cir. 2010)).

## III.    DISCUSSION

"[T]he interpretation of an insurance contract regarding the existence or non-existence of coverage is generally performed by the court." *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 290 (Pa. 2007) (internal citation and quotation marks omitted). To properly interpret insurance contracts, the Court "ascertain[s] the intent of the parties as manifested by the terms used in the written insurance policy. When the language of the policy is clear and unambiguous, we must give effect to that language. However, when a provision in the policy is ambiguous, the policy is to be construed in favor of the insured . . . ." *Id.* (citations and quotation marks omitted). "Contractual

language is ambiguous 'if it is reasonably susceptible of different constructions and capable of being understood in more than one sense.'" *Regents of Mercersburg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, 172 (3d Cir. 2006) (quoting *Hutchison v. Sunbeam Coal Co.*, 519 A.2d 385, 390 (Pa. 1986)). Nevertheless, "clear policy language is to be given effect, and courts should not torture the language to create ambiguities but should read the policy provisions to avoid it." *USX Corp. v. Liberty Mut. Ins. Co.*, 444 F.3d 192, 198 (3d Cir. 2006) (citation omitted).

### a. Firearms Exclusion

Defendants claim that Decedent suffered mental and emotional anguish in the time between his realization that he was in imminent danger and his death, and that this injury is sufficient to trigger coverage. ECF No. 37 at 7. Moreover, they maintain that they are entitled to a defense if they "aver[] any facts that could potentially support recovery," and that this factual scenario provides those facts. *Id.* In support of their argument, they claim that mental anguish and emotional distress trigger coverage, citing cases that characterize "conditions caused by mental distress" as bodily injury. *Id.* at 8.

In fact, Defendants' cited cases make the opposite point. In *Allstate Prop. and Cas. Ins. Co. v. Winslow*, 66 F. Supp. 3d 661, 676 (W.D. Pa. 2014), the policy language in question provided coverage for bodily injury, and the insureds were seeking to have physical conditions caused by mental distress defined as bodily injury in order to trigger coverage in the first instance. [1] *See also Doe 1 v. Liberty Mut. Fire Ins. Co.*, No. 3:18-CV-1513, 2019 WL 4412437, at *10 (M.D. Pa. Sept. 13, 2019). By contrast, the provisions at issue in this case *exclude* coverage for bodily injury. Thus,

---

[1] *Becker v. Farmington Cas. Co.*, No. 1:08-CV-2228, 2010 WL 2898810, at *3 n.7 (M.D. Pa. July 22, 2010) states in a footnote that "allegations of 'permanent' psychological injuries expected to affect the child's life into adulthood raise the possibility of a diagnosed or diagnosable psychiatric disorder," and suggests that "bodily injury" could include such a psychiatric disorder. Here, of course, due to the tragic nature of the incident, there is no allegation of any psychiatric disorder, let alone a permanent one. And again, even if such a disorder were characterized as bodily injury, that would only be a reason to exclude the injury from coverage under the firearms exclusion.

even if Defendants successfully argued that the mental distress suffered by Decedent caused bodily injury, that would place him squarely in the policy exclusion. To the extent Defendants claim that mental distress is itself sufficient to circumvent the exclusion without any accompanying physical injury, "[i]t is well settled in Pennsylvania that emotional distress is not considered bodily injury for purposes of insurance coverage." *Allstate Ins. Co. v. Montalbano*, No. 00-CV-3955, 2001 WL 876793, at *2 (E.D. Pa. May 17, 2001) (collecting cases); *see also Arc Water Treatment Co. of Pennsylvania, Inc. v. Hartford Cas. Ins. Co.*, 2002 WL 32392683, at *3 (E.D. Pa. Mar. 27, 2002) ("[A] claim for emotional distress that has not resulted in physical injury does not constitute a claim for 'bodily injury.'" (citing *Kline v. Kemper Grp.*, 826 F. Supp. 123, 128 (M.D. Pa. 1993), *aff'd*, 22 F.3d 301 (3d Cir. 1994))).

Finally, Defendants maintain that the firearms exclusion does not apply because Decedent's psychological "injuries [were] suffered prior to the attack" and therefore did not arise from the use of firearms. ECF No. 37 at 9. This argument ignores that emotional distress that Decedent may have suffered *also arose from the use of firearms*. When Decedent saw the individuals in the store and suffered mental anguish from the imminent danger of being attacked, he did so because the individuals had firearms and were thus threatening to him. In *Markel Intern. Ins. Co. v. 2421 Salam, Inc.*, 2009 WL 1220557, at *8 (E.D. Pa. Mar. 31, 2009), a court interpreting a similar firearms exclusion held that "'arising out of' is an unambiguous phrase which 'means causally connected with, not proximately caused by'" in determining that a firearms exclusion did not require "use or misuse of a firearms [to] be the *exclusive* cause of decedents' injuries.". Under any reading of the Complaint, Decedent suffered bodily injury arising from the use of firearms, and coverage is unavailable under this exclusion.

### b.  Assault and Battery Exclusion

Defendants' claim is also barred under the assault and battery exclusion. That exclusion bars coverage for claims for "assault" or "battery" resulting in bodily injury "whether caused by or at the instigation of, or at the direction of the insured, his/her employees, customers, patrons, guests or any cause whatsoever . . . ." ECF No. 1, Ex. A at 146. Defendants contend that the assault and battery was not caused by "the insured, his/her employees, customers, patrons, [or] guests," and therefore the exclusion does not apply. ECF No. 37 at 11. They further maintain that the "or any cause whatsoever" language is inapplicable since it "would violate a cardinal rule of contractual interpretation and render the Insurer's express identification of the class of persons meaningless and hollow." *Id.* at 12. Alternatively, Defendants suggest that the "any cause whatsoever" language "refers to the types of actions applicable to the Exclusion and not persons." *Id.*

Defendants' arguments torture the contract language to force an ambiguity. The language clearly encompasses all classes of persons by stating that the assault and battery exclusion applies "whether" the injury was caused by the insured (or the other individuals mentioned in the provision), "or any cause whatsoever." ECF No. 1, Ex. A at 146. To read the policy as Defendants suggest would itself violate a rule of contract interpretation by requesting that the Court read "or any cause whatsoever" out of the contract completely. Defendants' reading also would render the policy language unreadable, since there would be no clause to complete the phrase that begins with "whether." Defendants have not provided a sufficient reason to deviate from reading the policy language as written. The assault and battery exclusion thus applies as well.

### c. Ripeness

Defendants assert that because AIIC asks for a declaration that it has no duty to indemnify Defendants, the case is not ripe and will not be so until a judgment is entered in the underlying

state court action. However, the cases cited by Defendants fail to support their assertion. In each of those cases, the insurer was either already defending the insured (without a reservation of rights) or had lost the declaratory judgment action on the right to defend. *See Hiscox Ins. Co., Inc. v. MRB Lawn Servs.*, No. 22-2827, 2023 WL 6050221, at *8 (E.D. Pa. Sept. 15, 2023) (finding the issue unripe where the insurer lost the declaratory judgment claim on the duty to defend); *Joseph Oliver Const., LLC v. Utica First Ins. Co.*, No. 19-4352-KSM, 2020 WL 3791564, at *7 (E.D. Pa. July 7, 2020) (finding the issue unripe where the insurer had already agreed to defend the insured); *Republic Servs. of Pennsylvania, LLC v. Caribbean Operators, LLC*, 301 F. Supp. 3d 468, 474 (E.D. Pa. 2018) (finding the issue unripe where the insurer "was willingly providing a defense in the underlying litigation"); *Sabia Landscaping v. Merchs. Mut. Ins. Co.*, No. 13-3820, 2013 WL 6022129, at *4 (E.D. Pa. Nov. 6, 2013) (finding the issue unripe where insurer had a duty to defend).

For the reasons explained above, AIIC has no duty to defend. At that procedural posture, it is proper to conclude that there is no duty to indemnify. *See Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 673 (3d Cir. 2016) (citation omitted) ("Because an insurer's duty to defend its insured in a lawsuit is broader than its duty to indemnify, it necessarily follows that it will not have a duty to indemnify an insured for a judgment in an action for which it was not required to provide defense.").

### d.  Reimbursement of Costs

Insurers typically cannot recoup defense costs solely by sending a reservation of rights letter. *See Am. and Foreign. Ins. Co. v. Jerry's Sports Ctr., Inc.*, 2 A.3d 526, 544 (Pa. 2010) ("[An insurance company] cannot employ a reservations of rights letter to reserve a right it does not have pursuant to the contract."). However, an insurer may recoup defense costs when it has included

7

such a provision in the insurance policy, that is, "when a contract expressly provides for it." *CAMICO Mut. Ins. Co. v. Heffler, Radetich & Saitta, L.L.P.*, 587 F. App'x 726, 731 (3d Cir. 2014);*see also Zurich Am. Ins. Co. v. Century Steel Erectors Co., L.P.*, 613 F. Supp. 3d 896, 908 (W.D. Pa. 2020) ("In this case, the ZAIC Policy explicitly provides for a right to reimbursement of defense costs if it is determined that coverage is not available under the Policy. As there is no coverage under its Policy, ZAIC is entitled to recover the costs it has expended to defend Century Steel in the Underlying Action.").

AIIC's policy explicitly includes a provision allowing for reimbursement of defense costs. The policy states:

> If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defenses costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.
>
> The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

ECF No. 1, Ex. A at 124. AIIC sent reservations of rights letters to 101 West Lehigh LLC and Justyn Enterprises Inc. on August 1, 2023 (ECF No. 1, Ex. B) and to Kwang Chun Choi and Timothy Choi on August 21, 2023 (ECF No. 1, Ex. C). Defendants do not contest the policy language or the reservation of rights letters. Since the policy expressly included reimbursement language, AIIC is entitled to reimbursement of defense costs.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 36) is **GRANTED**. AIIC is directed to submit its application for costs to the Court on or before May 2, 2024. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

_____

**CHAD F. KENNEY, JUDGE**